IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CASEY STRAIN,

                Plaintiff,

v.                                                                          OPINION and ORDER

JANE DOE, p/k/a/ ANGELA BENEDICT, a/k/a                25-cv-17-jdp
ANGELA MURRAY,

                Defendant.

---

Plaintiff Casey Strain, proceeding without counsel, alleges that an unnamed defendant falsely accused him of contacting and "doxxing" (disclosing personal information about) her, in violation of his conditions of extended supervision, leading to his detention for more than three months. He also moves to conduct early discovery.

Strain has filed a complaint and an amended complaint. Dkt. 1 and Dkt. 5. He was entitled under Federal Rule of Civil Procedure 15(a)(1) to amend his complaint without leave of court, so I have disregarded the original complaint and will review the amended complaint only. Under 28 U.S.C. §§ 1915(e)(2) and 1915A, I must dismiss any claim that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. When screening the complaint of a plaintiff without counsel, I accept the allegations as true and read the complaint liberally. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). But Strain must still provide fair notice of his claim and "plead a plausible claim for relief," *Balle v. Kennedy*, 73 F.4th 545, 557 (7th Cir. 2023).

Strain's allegations are too conclusory to state a plausible claim, so I will dismiss the complaint without prejudice. But I will give Strain an opportunity to file an amended complaint

that addresses the problems discussed in this order. I will also deny Strain's request for discovery.

ANALYSIS

Strain does not identify a legal theory in his amended complaint.[1] But his central allegation is that Doe lied about him to get his extended supervision revoked. That type of allegation could implicate several claims under state law, such as defamation, false imprisonment, malicious prosecution, or abuse of process. Strain alleges that he is a citizen of Wisconsin and Doe is a citizen of New York, and it is reasonable to infer that more than $75,000 is in controversy, so I may exercise jurisdiction under 28 U.S.C. § 1332 over any state-law claims in this case. But all of those state-law claims would depend on whether Doe did, in fact, lie about Strain. Strain's allegations are too conclusory to support such a claim.

Strain alleges that Doe "falsely" told his probation agent that he violated the conditions of his extended supervision because he "doxxed [Doe] on Reddit" and was "contacting her on the internet," Dkt. 5, at 4, but he provides no other details. He does not identify with any specificity what his conditions of extended supervision were, he does not explain why he believes that Doe "did this in order to have [him] detained in jail," *id.*, he does not identify the statements Doe made to the police, and he does not explain how Doe's statements were false. For example, is Strain alleging that he provided no information about Doe on the internet, that

---

[1] Strain says that he is suing Doe under 42 U.S.C. § 1983, but that law applies only if the defendant violated federal law while acting on behalf of a state or local government. Strain does not allege that Doe is a public employee or that she conspired with public employees, so he may not sue Doe under § 1983.

the information he provided does not qualify as "doxxing," or something else? Is he saying that he made no effort to communicate with Doe, either directly or indirectly? Or is he saying that his conduct did not qualify as "contact?" Or something else?

To state a plausible claim, a plaintiff must provide fair notice of his claim and the grounds upon which the claim rests. Fed. R. Civ. P. 8(a)(2); *Stanard v. Nygren*, 658 F.3d 792, 796–97 (7th Cir. 2011). Stated another way, it must be reasonable to infer from the allegations that the defendant is liable for the misconduct alleged. *See Warciak v. Subway Restaurants, Inc.*, 949 F.3d 354, 356 (7th Cir. 2020).

Strain's allegations do not provide fair notice of his claim, and they do not allow the court to draw a reasonable inference that Doe violated his rights, so Strain has not stated a claim upon which relief may be granted. *See Wesbrook v. Ulrich*, 90 F. Supp. 3d 803, 808 (W.D. Wis. 2015) (dismissing defamation claim because the plaintiff failed to identify the defamatory statements or how they were defamatory). I will give Strain an opportunity to file an amended complaint that provides additional information.

This leaves Strain's "motion for early discovery," in which he asks to serve subpoenas on third parties who may know Doe's address. Dkt. 6. I will deny this motion. There is no point in doing discovery until Strain files a complaint that states a plausible claim, so the discovery request is premature. But even if I allow Strain to proceed on one or more claims against Doe, I will not allow Strain to conduct discovery for the purpose of learning Doe's whereabouts. Regardless of whether Doe made false allegations against Strain, Strain admits that his conditions of supervision placed limitations on his contact with Doe. Dkt. 1, at 3–4. This suggests there is a risk for potential harassment.

The court has also received a request from Doe to keep her address confidential. Under the circumstances, that is a reasonable request. I will direct the clerk of court to docket Doe's submission in camera so that only court staff can review it. I will not consider Doe's submission for any purpose related to the merits of the case, so Strain is not prejudiced by being unable to see it. If I later allow Strain to proceed on a claim, the court will devise a plan so that Strain can seek discovery and otherwise litigate the case without acquiring personal information about Doe.

## ORDER

IT IS ORDERED that:

1. The complaint is DISMISSED for failure to state a claim upon which relief may be granted.

2. Plaintiff Casey Strain may have until June 3, 2025, to file an amended complaint.

3. Strain's motion for early discovery, Dkt. 6, is DENIED.

4. The clerk of court is directed to docket Jane Doe's submission to the court in this case, but access will be restricted to court staff only.

Entered May 20, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge